NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3533
_____

PRESERVATION PITTSBURGH,
                              Appellant

v.

MARY CONTURO, Executive Director, Sports and Exhibition Authority of Pittsburgh
and Allegheny County; ROB STEPHANY, Executive Director, The Urban
Redevelopment Authority of Pittsburgh; LUKE RAVENSTAHL, Mayor of Pittsburgh;
DAN ONORATO, County Executive Allegheny County; RAY LAHOOD, Secretary,
United States Department of Transportation; VICTOR M MENDEZ, Administrator,
Federal Highway Administration; RENEE SIGEL, Pennsylvania
Division Administrator, Federal Highway Administration
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-00889)
District Judge: The Honorable David S. Cercone

Submitted Under Third Circuit L.A.R. 34.1(a)
April 17, 2012

BEFORE: SCIRICA, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: April 27, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Appellant Preservation Pittsburgh appeals the District Court's decision dismissing its complaint for lack of subject matter jurisdiction. We will dismiss the appeal as moot.

Preservation Pittsburgh requested that the District Court enjoin the Federal Highway Administration ("FHWA"), the Sports & Exhibition Authority of Pittsburgh and Allegheny County ("SEA"), and other local defendants from demolishing the Civic Arena and otherwise proceeding with construction plans for the site until they comply with three federal statutes: National Environmental Policy Act (NEPA), National Historic Preservation Act (NHPA), and Section 4(f) of the Department of Transportation Act (DOTA).

Once home to the Pittsburgh Penguins, the Civic Arena was in use until 2010, when a new adjacent arena opened. After the preparation of a report regarding options for the use or demolition of the Arena, and public comment, the SEA determined that the only viable economic option was to demolish the Arena. The District Court dismissed the appeal based on its finding that Preservation Pittsburgh had failed to demonstrate the requisite level of federal involvement to invoke federal jurisdiction.

At the time of briefing, demolition had begun on the interior of the Arena. Asbestos abatement of the roof also had begun. As of today, all that remains is demolition debris and the Arena's semi-demolished concrete base. *See* Exhibit A, attached.

## II.

We routinely dismiss appeals requesting injunctive relief as moot when the alleged harm has passed and there is no feasible means to provide relief. *See e.g., County of*

*Morris v. Nationalist Movement*, 273 F.3d 527, 533-34 (3d Cir. 2001 (dismissing as moot a declaratory judgment appeal regarding the constitutionality of municipal policies regarding a July 4th rally after the rally had taken place); *In re Cantwell*, 639 F.2d 1050, 1054 (3d Cir. 1981) ("Thus, where, pending appeal, an act or event sought to be enjoined has been performed or has occurred, an appeal from the denial of the injunction will be dismissed as moot.").

It is obvious that the demolition of the Arena has rendered this appeal moot. Now that the Arena has been demolished, Preservation Pittsburgh has suffered whatever harm that conceivably could result from the challenged agency actions. It can no longer claim an imminent threat of a "concrete and particularized" injury. Moreover, we cannot fashion meaningful relief because we cannot reconstruct the Arena. The appeal, at the very least, is prudentially moot.

Preservation Pittsburgh did request broader relief than an injunction halting the demolition. The broader relief it requests, however, is based on claims that are highly speculative. Any future injury that Preservation Pittsburgh may suffer is too contingent to fulfill the "case or controversy" requirement.

With the demolition of the Arena complete, Preservation Pittsburgh no longer has a "concrete and particularized" interest in the outcome of the appeal. We cannot grant meaningful relief. The appeal will be dismissed as moot.

Exhibit A.

